USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____
DATE FILED: 9-5-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

EGBERT GRANT, :

Petitioner, : 07 Civ. 9656 (PAC)(HBP)

-against- : REPORT AND RECOMMENDATION

SUPT. MRS. DEBRA KEYSOR, :

Respondent. :

-----------------------------------X

PITMAN, United States Magistrate Judge:

TO THE HONORABLE PAUL A. CROTTY, United States District Judge,

I. Introduction

Petitioner Egbert Grant seeks, by his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, an Order vacating a judgment of conviction entered on February 21, 2003 after a jury trial, by the Supreme Court of the State of New York, Bronx County (Williams, J.), for five counts of criminal contempt in the first degree, in violation of New York Penal Law § 215.51(b). By that judgment, petitioner was sentenced to four concurrent indeterminate sentences of two to four years and one consecutive indeterminate sentence of two to four years. As explained below, the consecutive sentence was subsequently modified to run concurrently with the other four terms of impris-

onment. Petitioner's sentence on all five counts has expired and he is currently at liberty. He is not under parole or any other type of supervision by New York State correctional authorities.

By notice of motion dated January 14, 2008 (Docket Item 6), respondent moves to dismiss the petition for lack of subject matter jurisdiction because petitioner was not "in custody" at the time the petition was filed. For the reasons set forth below, I respectfully recommend that the motion be granted in all respects and that the petition be dismissed for lack of subject matter jurisdiction.

## II. Facts

The facts pertinent to the resolution of the pending motion can be briefly stated.

After being found guilty by a jury of five counts of criminal contempt in the first degree,[1] the Honorable Patricia A. Williams, Justice of the Supreme Court, sentenced petitioner on February 21, 2003 to five indeterminate terms of imprisonment of two to four years on each count. Four of the terms of imprisonment were to run concurrently; one was to run consecutively (Affidavit of Assistant District Attorney Marissa K. Gould, sworn

[1]Petitioner's convictions arose out of his violation of an order of protection, directing that he not approach or annoy his former wife.

to Jan. 14, 2008, and annexed to Respondent's Notice of Motion ("Gould Aff."), ¶ 5).[2]

Petitioner appealed his conviction to the Appellate Division of the Supreme Court, First Department, asserting issues concerning the fairness of the trial and the appropriateness of the sentence (Gould Aff. ¶ 6 and Exhibit 1 thereto). The Appellate Division affirmed petitioner's conviction but directed that the sentence be amended such that all five indeterminate terms of imprisonment run concurrently. People v. Grant, 23 A.D.3d 172, 173, 802 N.Y.S.2d 686, 687-88 (1st Dep't 2005). Specifically, the Appellate Division found that a consecutive sentence was not permitted under state law because all five counts were based on a single act by petitioner. 23 A.D.3d at 173, 802 N.Y.S.2d at 687. The Appellate Division also found that consecutive sentencing was "unduly harsh under the circumstances." 23 A.D.3d at 173, 802 N.Y.S.2d at 688.

Petitioner was re-sentenced in accordance with the Appellate Division's decision on November 7, 2005 (Gould Aff. ¶ 8).

---

[2]On that same day, Justice Williams sentenced petitioner on another count of criminal contempt in the first degree alleged in a separate accusatory instrument. The sentence on this count was one and one-third to four years, to run concurrently with the sentences described in the text (Gould Aff. ¶ 5). This second conviction is not, however, at issue in this proceeding.

The New York Court of Appeals subsequently granted petitioner leave to appeal to consider the correctness and effect of the Trial Court's Sandoval[3] ruling. People v. Grant, 6 N.Y.3d 813, 845 N.E.2d 1283, 812 N.Y.S.2d 452 (2006). The Court of Appeals subsequently affirmed petitioner's conviction. People v. Grant, 7 N.Y.3d 421, 857 N.E.2d 52, 823 N.Y.S.2d 757 (2006).

Petitioner was released on parole on December 2, 2005 to federal immigration proceedings to be removed from the United States. His state sentence expired on December 9, 2005 (Gould Aff. ¶ 15 and Exhibit 10[4] thereto at 4). Although it appears that the United States Bureau of Immigration and Customs Enforcement ("BICE") ordered that petitioner be removed from the United States, he was not, in fact, removed, and he was released from BICE custody on June 28, 2006 (Gould Aff. ¶¶ 12-16). The record does not disclose why BICE did not remove petitioner or whether he is currently under BICE's supervision.

Petitioner signed the petition currently before the Court on October 17, 2007 and filed it with the Office of the Pro Se Clerk on that day.

---

[3]People v. Sandoval, 34 N.Y.2d 371, 357 N.Y.S.2d 849, 314 N.E.2d 413 (1974). Sandoval established a pretrial procedure to ensure that criminal defendants would know before testifying whether prior convictions could be used for impeachment purposes on cross-examination.

[4]Exhibit 10 is petitioner's "rap sheet." Although it is attached to the Gould Affidavit, it lacks an exhibit tab specifically designating as Exhibit 10.

III. Analysis

A federal court's jurisdiction to consider a petition for a writ of habeas corpus is limited to petitions filed on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254 (emphasis added).

> The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); see also 28 U.S.C. § 2254(a). We have interpreted the statutory language as requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (emphasis in original); accord Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994).

Actual physical confinement is not required to satisfy the "in custody" requirement. Conditional release programs which "significantly confine and restrain [an individual's] freedom" are sufficient to satisfy the "in custody" requirement. Jones v. Cunningham, 371 U.S. 236, 243 (1963); see Earley v. Murray, 451 F.3d 71, 75 (2d Cir. 2006) ("Post-release supervision, admitting of the possibility of revocation and additional jail time is considered to be 'custody.'"); Eiseman v. Herbert, 401 F.3d 102,

105 n.1 (2d Cir. 2005) (release on parole satisfies "in custody" requirement). In addition, the fact that a petitioner's sentence expires while the petition is pending does not affect the court's jurisdiction so long as the petitioner was "in custody when the application for habeas corpus [was] filed." Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

However, once a sentence has fully expired, it is no longer subject to challenge by way of a petition for a writ of habeas corpus in federal court.

> We have never held . . . that a habeas petitioner may be "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed. . . . [O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.

Maleng v. Cook, supra, 490 U.S. at 492 (emphasis in original); see also Williams v. Edwards, 195 F.3d 95, 96 (2d Cir. 1999) (petitioner is not "in custody" within the meaning of 28 U.S.C. § 2254 when sentence for the conviction under attack is completely expired); United States ex rel. Myers v. Smith, 444 F.2d 75 (2d Cir. 1971) (same); Towne v. Vermont, 2:06-CV-202, 2007 WL 1839628 at *3-*4 (D. Vt. June 25, 2007) (same); Bedoya v. United States, 97 Civ. 4433 (RWS), 1998 WL 43114 at *1 (S.D.N.Y. Feb. 2, 1998) (same); LoFranco v. United States Parole Comm'n, 986 F. Supp. 796, 802 (S.D.N.Y. 1997) (same), aff'd mem., 175 F.3d 1008 (1999)

(same); Lawlor v. Scully, 93 Civ. 2985 (JES), 1996 WL 641635 at *3 (S.D.N.Y. Oct. 22, 1996) (same); George v. New York State Div. of Parole, CV-95-1786 (CPS), 1996 WL 518099 at *3 (E.D.N.Y. Aug. 30, 1996) (same); Schwartz v. United States, 888 F. Supp. 24, 25-26 (S.D.N.Y. 1995) (same).

The record in this matter clearly establishes that petitioner's state sentence expired on December 9, 2005, approximately 22 months before he filed his petition. Accordingly, in light of the authorities cited above, the court lacks jurisdiction to consider the petition and it should be dismissed.

Assuming, without deciding, that petitioner remains under some form of supervision by BICE, that supervision does not satisfy the "in custody" requirement. The Court of Appeals has recently held that an individual who is physically detained by immigration officials pending his removal from the United States as a result of a state criminal conviction, is not "in custody" pursuant to the state-court judgment once the state sentence has expired because such detention is, at most, a collateral consequence of the conviction. Ogunwomoju v. United States, 512 F.3d 69, 75 (2d Cir. 2008). If physical detention, under these circumstances, does not satisfy the "in custody" requirement with respect to the state conviction, it necessarily follows that any

form of supervised release also fails to satisfy the "in custody" requirement.[5]

IV. Conclusion

Accordingly, for all the foregoing reasons, I respectfully recommend that respondent's motion to dismiss the petition for lack of subject matter jurisdiction be granted in all respects.

In addition, since petitioner has not made a substantial showing of the denial of a constitutional right, I also recommend that a certificate of appealability not be issued. 28 U.S.C. § 2253(c). To warrant the issuance of a certificate of appealability, "petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Middleton v. Attorneys Gen., 396 F.3d 207, 209 (2d Cir. 2005) (per curiam) (internal quotation marks omitted); see also Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005) (per curiam). For the reasons set forth above, I conclude that there would be no difference of opinion among reasonable jurists that petitioner was not "in

---

[5]I note in passing that petitioner's response to respondent's motion does not address any of respondent's jurisdictional arguments. Rather, petitioner's response is entirely devoted to the merits of petitioner's claims.

custody" at the time the petition was filed and that the court, therefore lacks subject matter jurisdiction to consider petitioner's claims.

V. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of this Report and Recommendation to file written objections. See also Fed.R.Civ.P. 6(a) and 6(d). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, United States District Judge, 500 Pearl Street, Room 735, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty. FAILURE TO OBJECT WITHIN TEN (10) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d

Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:  New York, New York
        September 5, 2008

                                       Respectfully submitted,

                                       HENRY PITMAN
                                       United States Magistrate Judge

Copies mailed to:

Mr. Egbert Grant
269 East 4th Street
New York, New York  10009

Marisa K. Gould, Esq.
Assistant District Attorney
Bronx County
198 East 161st Street
Bronx, New York  10451