USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-13-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

EGBERT C. GRANT,                        :

                  Petitioner,    :    07 Civ. 9656 (PAC)(HBP)

   -against-                           :    MEMORANDUM OPINION
                                                            AND ORDER
SUPT. MRS. DEBRA KEYSOR,                :

                  Respondent.    :

-----------------------------------X

        PITMAN, United States Magistrate Judge:

        By motion dated November 21, 2008, (Docket Item 16), petitioner in this Section 2254 proceeding seeks to have counsel appointed to represent him; I construe petitioner's motion to be an application for the appointment of counsel pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A.  For the reasons set forth below, the motion is denied.

        It is well settled that there is no constitutional right to counsel in a habeas corpus proceeding such as this one; rather the appointment of counsel in such proceedings is a matter of discretion.  Wright v. West, 505 U.S. 277, 293 (1992); Pennsylvania v. Finley, 481 U.S. 551, 555-59 (1987); Heath v. United States Parole Comm'n, 788 F.2d 85, 88 (2d Cir. 1986); Moolenaar v. Mantella, 00 Civ. 6380 (RMB)(KNF), 2001 WL 43602 at *1 (S.D.N.Y. Jan. 18, 2001).  Accordingly, petitioner's application

should be analyzed in the same manner as any other application for counsel in a civil case.

The factors to be considered in ruling on a motion for counsel are well settled and include "the merits of [petitioner's] case, the [petitioner's] ability to pay for private counsel, [petitioner's] efforts to obtain a lawyer, the availability of counsel, and the [petitioner's] ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id. Accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 at *1 (S.D.N.Y. April 26, 1996). In the words of the Court of Appeals for the Second Circuit:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174. Accord Odom v. Sielaff, supra, 1996 WL 208203 at 1. See also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.").

I issued a Report and Recommendation in this matter on September 5, 2008 recommending that the petition be dismissed for lack of subject matter jurisdiction. For the reasons set forth in my September 5, 2008, I conclude that the petition lacks sufficient merit to warrant the appointment of counsel. If my September 5, 2008 Report and Recommendation is rejected by Judge Crotty, plaintiff may renew his application for the appointment of counsel, and I shall revisit the matter de novo.

Accordingly, because petitioner has failed to show that his petition is sufficiently meritorious to warrant the appointment of counsel pursuant to the Criminal Justice Act, his motion for counsel is denied.

Dated:  New York, New York
        January 13, 2009

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Egbert Grant
269 East 4th Street
New York, New York  10009

Marisa K. Gould, Esq.
Assistant District Attorney
Bronx County
198 East 161st Street
Bronx, New York  10451

3